RECEIVED JAN 22 1992

GUAM TERRITORIAL LAW LIBRARY

FILED

Jan 21  10 42 Aм '92

IN THE SUPERIOR COURT OF GUAM

TERRITORY OF GUAM

THE PEOPLE OF THE TERRITORY OF GUAM,

vs.

JAMES M.F. RIVERA,

Defendant.

) CRIMINAL CASE NO. CM0532-91
)
)
)
)
)
)       DECISION AND ORDER
)
)

This matter was brought before the Honorable Alberto C. Lamorena, III, Presiding Judge on Monday, November 4, 1991 pursuant to Defendant James M.F. Rivera's Motion to Dismiss the First, Second, Third, and Fifth Charges of the Complaint. The Court reserved its decision at this hearing.

Defendant Rivera was represented by Attorney F. Randall Cunliffe; the Government was represented by Assistant Attorney General Brent P. Stewart.

## FACTS

Defendant Rivera was arrested and charged with four (4) violations of the penal code on July 21, 1990. The incident involved three suspects who were inside a Nissan pickup. The driver, Anthony F. Pereda, attempted to evade apprehension after being pulled over for unsafe driving. Upon arresting Anthony F. Pereda, Defendant Rivera stared to "cuss" at the arresting Officers and was subsequently warned to stay away from the scene of the arrest. The Defendant refused and continued to argue with Officers. After finally threatening the Officers with a .357 caliber handgun the Officers arrested him also.

On April 22, 1991 a complaint arising out of the July 21, 1990 incident was filed against James M.F. Rivera, Patrick F. Hernandez, and Anthony F. Pereda. Judge Janet H. Weeks signed the summons. Defendant Rivera was charged with (1) Obstructing Governmental Function, in violation of 9 G.C.A. §55.45 as amended; (2) Resisting Arrest, in violation of 9 G.C.A. §55.35 as amended; (3) Disorderly Conduct, in violation of 9 G.C.A. §61.15(a)(1) and (c) as amended; and (4) Public Intoxication, in violation of 9 G.C.A. §61.25(a) and (b) as amended.

## ISSUE

Whether sufficient facts are alleged in the affidavit of probable cause filed on April 22, 1991 to support the four charges listed in the complaint against Defendant Rivera.

## ANALYSIS

The procedure and standards for charging a defendant with a criminal offense and compelling his appearance in Court are described in Title 8 G.C.A. §45.20(a) and 15.20(a). 8 G.C.A. §45.20(a) provides that:

> Section 45.20. Complaint to be Filed; When.
> (a) Where a person is arrested without a warrant, at or before the time he is brought before the court pursuant to Section 45.10, the prosecuting attorney shall file a complaint which satisfies the requirements of Section 15.10 and affidavits showing probable cause to believe that an offense has been committed and that the defendant has committed it. (Emphasis added).

////

////

In this case Defendant Rivera was arrested without a warrant based upon first hand observations by Officer Randall B.D. Aguon recorded in Guam Police Department Report Number 90-14886. Following the requirements of Section 15.10 the Government filed a complaint and prepared an affidavit of probable cause for the Court to review.

8 G.C.A. §15.20(a) states that:

> Section 15.20.  Issuance of Summons or Warrant on Complaint.
> (a)  If it appears from the complaint and the affidavits filed therewith that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the judge shall issue a summons for the appearance of the defendant.

After reviewing the complaint and affidavit of probable cause prepared by Assistant Attorney General Brent P. Stewart on April 18, 1991, Judge Janet H. Weeks signed the summons for the Defendant and had it filed on April 22, 1991.

8 G.C.A. §§ 45.20(a) and 15.20(a) establish Guam's probable cause standard as "[reason] to believe that an offense (crime) has been committed and that the defendant has committed it." Therefore, the affidavit of probable cause, though not attempting to prove Defendant's guilt beyond a reasonable doubt, must allege sufficient facts to believe that a crime has been committed and that the Defendant committed it. It furnishes the Court with the opportunity to dismiss a charge that has been filed capriciously without any underlying facts to support it. See People v. Villena, CM0232-91 (Super. Ct. Guam, Aug. 29, 1991); Jaben v. United States, 381 U.S. 214, 224-225, 85 S.Ct. 1365 (1965). The Court's role in approving

an affidavit of probable cause is not to try the case before Defendant's trial but to do an initial application of law to the facts as presented by the Government.

The Supreme Court in Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535 (1983)1 stated, "probable cause is a flexible, common sense standard." Its test is whether "facts and circumstances ... are sufficient to warrant a prudent person, or one of ordinary caution [to believe], in the circumstances shown, that the suspect has committed ... an offense." See People v. Villena, CM0232-91 (Super. Ct. Guam, Aug. 29, 1991); United States vs. Thomas, 835 F.2d 219 (9th Cir. 1987). Moreover, California's probable cause standard is "if a person of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused..." See People v. Villena, CM0232-91 (Super. Ct. Guam, Aug. 29, 1991); Sommers v. Superior Court In and for the County of Sacramento, 33 Cal.App.3d 8, 108 Cal.Rptr. 630 (1973). Consequently, the Court's duty was to compare the facts alleged in the affidavit of probable cause filed April 22, 1991 with the four charges in the complaint. It would have to determine if an ordinary person could reasonably find that Defendant Rivera committed the four crimes charged.

The relevant portions of the affidavit of probable cause as applied to the Defendant are on page two and are as follows:

> While subduing the above suspect, a third individual began cussing at the officers. Likewise, this suspect was warned to stay away from the scene of the arrests. This individual refused and continued to argue with the officers. The suspect then threatened that he had a .357 handgun and would use it.

Consequently, the third individual was placed under arrest.

Following the arrests, the three suspects identified themselves as Anthony Finona Pereda, the driver, Patrick Finona Hernandez, the first suspect to exit the car and James Michael Finona Rivera. Throughout the arrests of the three suspects, the smell of intoxicating beverages was noted on each of their breath."

The first charge in the complaint charges the Defendant with intentionally impairing the administration of law by physical interference (Obstructing Government Function) in violation of 9 G.C.A. §55.45 as amended. Section 55.45 provides:

Section 55.45. Obstructing Governmental Functions; Defined & Punished.

A person commits a misdemeanor if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this Section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

Defendant argues that the complaint charging the Defendant with intentionally impairing the administration of law by physical interference is defective because not leaving the scene of arrest does not constitute physically interfering with the administration of law. Although not leaving the scene in itself does not cause physical interference, not leaving when the Officers are trying to make arrests and getting in their way may constitute physical interference.

Based upon the affidavit, the Officers were in the process of arresting the driver of the vehicle, Anthony F. Pereda, and another interfering co-defendant, Patrick F. Hernandez, when Defendant Rivera began to interfere by "cussing." After a warning to "stay away" from the scene of arrests, the affidavit alleges that Defendant Rivera "refused" and continued to argue with the Officers. A refusal implies that the Defendant was not staying away from the scene of the arrest thereby possibly physically interfering with the arrests of Defendants Pereda and Hernandez.

Contrary to Defendant Rivera's assertion that "the previous two (2) suspects" (Defendants Pereda and Hernandez) had already been arrested, this Court does not see where the affidavit alleges such facts. The affidavit clearly states that the Officers were "attempting" to handcuff Anthony Pereda when Patrick Hernandez interfered; and "while subduing" Patrick Hernandez, Defendant Rivera interfered. As a result, in the Officers attempt to arrest the first two defendants, Defendant Rivera might have physically interfered by his not moving from the scene and threatening further to injure them with a .357 handgun. The Court further emphasizes that a magistrate's decision as to the finding of probable cause would only be held invalid if there was no substantial basis for the magistrate's

////

////

////

finding. See People v. Villena, CM0232-91 (Super. Ct. Guam, Aug. 29, 1991); Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085 (1984). Consequently, based upon the affidavit of probable cause, there appears sufficient reason to believe that the crime of Obstructing Governmental Function was committed and that the Defendant committed it.

The Court notes that based upon a reading of the affidavit, a prudent person could have also found that Defendant violated Section 55.45 by that provision's "any other unlawful act" wording. Defendant Rivera is alleged to have threatened to use a .357 caliber handgun if the Officers did not follow his directions. The note following Section 55.45 specifically indicates that "This section supplements provisions of this Code which deal with particular means of interference such as bribery, intimidation, and perjury," Consequently, the Court finds that there is reason to believe that §55.45 was violated and that the Defendant violated this statute.

In the second charge Defendant Rivera is accused of "preventing or delaying the arrest of themselves by Officers Aguon, Corpuz, and Salas, whom they knew or reasonably should have known to be peace officers acting in their official capacity, they prevented or delayed that arrest by use of force, that is, they each refused to be handcuffed, in violation of 9 G.C.A. §55.35, as amended." Defendant Rivera argues that the affidavit presents no evidence that he refused to be handcuffed.

////

////

Based upon the affidavit compared against the "Second Charge" paragraph in the complaint, the Court cannot find that the Defendant committed that particular conduct involved in the resisting arrest statute. The affidavit clearly does not reflect the allegation that this Defendant refused to be handcuffed. The affidavit only states: "Consequently, the third individual [Defendant Rivera] was placed under arrest." No indication of any resistance was mentioned regarding Defendant Rivera. 9 G.C.A. §55.35 Section 55.35 states:

> Section 55.35. Resisting Arrest of Self or Others; Defined and Punished.
>
> A person is guilty of a misdemeanor when, with intent to prevent or delay the arrest of himself or another person by one whom he knows or reasonably should to be a peace officer acting in an official capacity, he prevents or delays that arrest by the use or threat or force or by physical obstruction. For purposes of this Section, a peace officer shall include apprehending officers designated under Article 2 of 10 G.C.A. Chapter 51, as well as peace officers as defined 9 G.C.A. Section 1.70.

The complaint does not charge the Defendant with preventing or delaying the arrests of Defendants Pereda nor Hernandez. It states only that "with the intent to prevent or delay the arrest of themselves" and "they prevented or delayed that arrest by the use of force, that is, they each refused to be handcuffed."

The statute controlling situations where the Government has failed to show probable cause is 8 G.C.A. Section 45.80(b).

////

////

////

That provision states:

> Section 45.80.   Procedure Where Probable Cause Shown; Not Shown.
>
> (b)   If from the evidence it appears that there is no probable cause to believe that an offense has been committed or that the defendant committed it, <u>the court shall dismiss the complaint</u> and discharge the defendant. <u>Such discharge shall not preclude the government from instituting a subsequent prosecution for the same offense</u>.

Here, although the affidavit of probable cause may support charging the Defendant with preventing or delaying the arrest of the other two defendants, the complaint clearly charges the Defendant with resisting his own arrest. The affidavit of probable cause does not mention that Defendant Rivera prevented or delayed his own arrest. Pursuant to 8 G.C.A. Section 45.80(b) the court must dismiss the complaint without prejudice.

The third charge alleges that Defendant Rivera "with intent to cause public inconvenience, annoyance and alarm, engaged in fighting, threatening, violent and tumultuous behavior, in violation of 9 G.C.A. §61.15(a)(1) and (c), as amended." Defendant argues that according to the affidavit that he did not engage in fighting, threatening, violent and tumultuous behavior.

9 G.C.A. §61.15(a)(1) reads:

> Section 61.15.   Disorderly Conduct; Defined & Purchased.
> (a)   A person is guilty of disorderly conduct, if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>       (1)   <u>engages in fighting or threatening, or in violent or tumultuous behavior</u>;

////

Based upon the affidavit of probable cause there is reason to believe that Defendant Rivera violated §61.15(a)(1). Defendant Rivera's actions showed an intent to cause public inconvenience, annoyance and alarm because he threatened officers of the law, who represent the public, with deadly force. In addition he acted in a hostile and belligerent fashion. Route 15 is clearly a public place with many vehicles and pedestrians on this thoroughfare thus the incident occurred in a public place. The Court reminds the Defendant that the Government need not prove all the elements of intent in the affidavit of probable cause and complaint but just need satisfy the Court that a crime has been committed and that the Defendant committed that crime. Moreover, if not actually intentional, his actions definitely recklessly created a risk of public inconvenience, annoyance or alarm. The behavior was conducted in open public with the great likelihood of creating such inconvenience, annoyance or alarm as prescribed by the statute. Regarding 9 G.C.A. §61.15, subsection one (1), Defendant Rivera did indeed "engage in threatening" by threatening the Officers with the use of a .357 caliber handgun against them. In addition, there is reason to believe from the affidavit that Defendant Rivera acted in a violent and tumultuous manner because he was: (1) cussing at the Officers, (2) not staying away from the arrest scene, (3) continuing to argue with the Officers, and (4) threatening to use a .357 caliber handgun. From the totality of actions Defendant Rivera is alleged to have engaged in, a prudent person might reasonably believe that he was acting violently and tumultuously.

Defendant Rivera is correct however in that the affidavit does not allege that he fought in any way. Therefore, the Government must strike the word fighting from its complaint.

The fifth charge of the complaint charges the Defendant with appearing "in a public place, that is, Route 15, Mangilao manifestly under the influence of alcohol to the degree that they endangered themselves, in violation of 9 G.C.A. §61.15(a) and (b) as amended." Defendant Rivera argues that the only indication of public intoxication was the order of intoxicating beverages on the Defendant's breath.

9 G.C.A. §61.15(a) states:

> 61.25. Public Drunkenness; Defined and Punished.
> (a) A person is guilty of an offense if he appears in any <u>public place manifestly under the influence of alcohol</u>, narcotics or other drug, not therapeutically administered, <u>to the degree that he may endanger himself or other persons or property or annoy persons in his vicinity</u>.

Based upon the wording of the statute there appears to have been probable cause to believe that 9 G.C.A. §61.25(a) was violated and that Defendant Rivera violated that statute. As discussed earlier, Route 15 is considered a public place. In addition, based upon the affidavit, the Defendant was manifestly under the influence of alcohol as noted when the Officer smelled intoxicating beverages and by the Defendant's behavior. Although Defendant is correct in stating anyone who drinks and is seen in public cannot be found culpable for this offense, Defendant overlooks the fact that the affidavit alleges he not only had alcohol on his breath but acted under its influence so much so that he could have endangered the

arresting Officers. His behavior as described was clearly annoying to the persons in his vicinity, namely those Officers. Furthermore, the affidavit alleges that the Defendant threatened the officers, which coupled with intoxicating beverages on his breath, is sufficient to believe that he may have endangered other persons in his vicinity.

The Court therefore finds no fault with the fifth charge in the complaint.

### CONCLUSION

For the above enumerated reasons the Second Charge against Defendant Rivera in the Government's complaint filed April 22, 1991 is dismissed without prejudice. In addition, the word "fighting" must be stricken in the Third Charge against Defendant Rivera but that charge is not dismissed against him. Defendant's motion to dismiss Charges One and Five are denied.

SO ORDERED this _21st_ day of January, 1992.

_____
ALBERTO C. LAMORENA, III
Presiding Judge
Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court, Guam

Dated at Agana, Guam

JAN 21 1992

_____
Clerk Superior Court of Guam